# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGIANNA DIENER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV857 RWS |
| | ) | |
| LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Georgianna Diener filed this lawsuit alleging that Defendant Life Insurance Company of North America breached its contract with her when it denied her disability payments under a group insurance policy. The group insurance policy is part of an employee benefits plan governed by the Employment Retirement Income Security Act , 29 U.S.C. §§ 1001, *et seq*. ("ERISA").

Life Insurance Company of North America argues that it is entitled to judgment as a matter of law because Diener failed to exhaust her administrative remedies before she filed the present lawsuit. Because is not clear from the record whether Diener exhausted her administrative remedies, I will deny Life Insurance Company of North America's motion for summary judgment.

*Background*

In 2007, Plaintiff Georgianna Diener was employed by Schreiber Foods, Inc. In the spring of 2007, Diener applied for disability benefits under a group disability policy issued to her employer by Defendant Life Insurance Company of North America (LINA). On May 22, 2007, LINA denied Diener's claim for short term disability benefits. On November 5, 2007, Diener, through counsel, appealed LINA's decision denying Diener's claim for benefits. That appeal did not state it was limited to short term disability benefits, but it did state the appeal was made under Plan/Policy # SHD0961385. On January 18, 2008, LINA denied Diener's appeal.

On April 25, 2008, Diener filed a petition in state court seeking short-term disability (STD) and long-term disability (LTD) benefits from LINA. LINA was served on May 14, 2008. On June 13, 2008, LINA removed this ERISA action to federal court and asserted it was governed by Group Disability Policy FLK-960233. LINA attached a "Group Disability Insurance Certificate" to its Notice of Removal.

Five months later, on November 21, 2008, LINA informed the Court that the policy it had submitted is <u>not</u> the policy governing Diener's claims. LINA stated that it had initially submitted "the policy" that applies to unionized

employees working at a Schreiber facility different from where Diener was employed. LINA then asserted that Diener's claims are governed by <u>another</u> "policy" also bearing the number FLK-960233, which it submitted on November 21, 2008.

On July 31, 2009, when LINA moved for summary judgment, LINA provided <u>yet another</u> (third) document numbered FLK-960233. The document submitted on July 31, 2009 appears to be the *actual* insurance policy. Neither of the earlier-submitted documents (including the one provided on November 21, 2008) appear to be insurance policies because they both state, "This is not the insurance contract. It does not waive or alter any of the terms of the Policy. If questions arise the Policy will govern."

According to letters LINA sent to Diener concerning her claim for disability benefits, Diener's claims were made pursuant to Plan/Policy #SHD0961385. Neither party has submitted a copy of an insurance policy numbered SHD0961385 or provided an explanation of this discrepancy. In its statement of uncontroverted material facts, LINA asserts the only policy number associated with Diener's November 5, 2007 appeal was a STD policy. Diener admits there was only one policy number, but does not admit the number is associated with the STD policy. It is not clear to the Court what policy LINA used to evaluate Diener's claims

because the number attached to the three different documents LINA has offered does not match the number associated with the January 18, 2008 denial.

In support of its motion for summary judgment, LINA did not submit a copy of the Administrative Record for any of Diener's claims. LINA did submit, however, a sworn affidavit from Kellie Downey, Senior Operations Representative for LINA, that stated that Downey was familiar with and knowledgeable of the documents contained in the Administrative Record for Diener's claim. Downey testified that the Administrative Record shows that Diener did not file a claim for LTD before filing this lawsuit. Downey also testified that "Diener filed a claim for disability benefits in May 2007."

Due to the confusing procedural history, I ordered LINA to submit a copy of Diener's initial application for benefits. LINA complied and submitted evidence that shows Diener's application for STD benefits was filed on or about March 27, 2007. It is therefore not clear what type of disability benefits application (long-term or short-term) was filed in May 2007.[1]

---

[1] LINA explained it erred in asserting in its Statement of Undisputed Material Facts that Diener filed for disability benefits in May 2007. It claims it based its assertion on Paragraph 10 of Diener's Second Amended Complaint. However Diener's Second Amended Complaint does not allege that she applied for disability benefits in May 2007. It alleges Diener filed for short and long-term disability benefits and her benefits were denied in May 2007.
  LINA does not assert that the affidavit of Kellie Downey (which states Diener filed a claim for disability benefits in May 2007) is erroneous.

On November 25, 2008, just four days after LINA provided the <u>second</u> document numbered FLK-960233, Diener, through counsel, filed another claim for disability benefits with LINA. In that application, Diener disputed LINA's assertion that no formal claim for disability benefits had previously been filed, but based on receiving (what she now believed the correct "policy"), nonetheless submitted a claim for both short and long term disability benefits. LINA took the position that Diener's November 25, 2008 letter was not a valid claim.

Soon thereafter, Diener and LINA settled Diener's claim for STD benefits. It appears that one of the terms of the initial agreement[2] was that LINA would waive any arguments that Diener's application for LTD benefits was not timely and would "review her application for LTD benefits *on the merits*." (Emphasis added).

On January 6, 2009, LINA denied Diener's claim for LTD benefits. The denial letter does not indicate that LINA reviewed Diener's application on the merits. Instead, the letter indicates that LINA denied Diener's application based on its earlier decisions regarding Diener's application for STD benefits, namely its denials of STD benefits on May 22, 2007 and January 18, 2008. The letter explained, "Due to the two previous denials we must also uphold these previous

---

[2] Six months later, Diener signed a release that did not include this term.

decisions. At this time your claim remains closed and no LTD benefits are payable."

Downey testified that Diener never appealed LINA's January 6, 2009 decision to deny her claim for LTD benefits. But the January 6, 2009 denial letter does not contain some the information the policy states *must* be included in the denial letter including specific reference to the policy provision(s) on which the denial was based and a statement informing Diener of her right to appeal. Instead of informing Diener of her right to appeal, the January 6, 2009 denial letter tells Diener that if she disagrees with the decision, she should refer to the attached January 18, 2008 denial letter.

The January 18, 2008 letter stated that Diener could request a review of the decision denying her <u>Short Term Disability claim</u> and explained the necessary steps. It did not identify the steps for appealing a denial of a <u>Long Term Disability claim</u>, however. For example, the January 18, 2008 letter stated that "[i]n addition to any written comments, your request for review *must* include new documentation you wish us to consider." (Emphasis added). LINA's LTD insurance policy <u>does not</u> contain that requirement, however. The policy simply requires the appeal be made in writing. Defendant's Ex. E., p. 27.

The January 18, 2008 letter also referenced a different policy number and used a definition of disability not contained in the LTD policy. It stated,

> As you are aware, your plan defines the following provision:
>
> *"Disability or Disabled means that*
> *a. Your [sic] are unable to perform all the material duties of your regular job because of an injury or illness that is not work-related;*
> *b. your disability is a condition covered by the medical plan sponsored by Schreiber;*
> *c. you are under the care of a licensed physician who has state [sic] in writing that you are disabled, and you are following that physician's prescribed treatment."*

The LTD policy,[3] however, provided:

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and

---

[3] Here, I quote the <u>actual</u> policy submitted as LINA's Exhibit E filed in support of its motion for summary judgment. The Group Disability Insurance Certificates submitted on June 13, 2008 and November 21, 2008 contain a similar definition:

> **Disability/Disabled**
> You are considered Disabled if, solely because of Injury or Sickness, you are:
> 1. unable to perform the material duties of your Regular Occupation; and
> 2. unable to earn 80% or more of your Indexed earnings from working in your Regular Occupation.

>     2. unable to earn 80% or more of his or her Indexed earnings from working in his or her Regular Occupation.

On May 13, 2009, Diener moved to enforce the settlement agreement. On June 10, 2009, it appears LINA and Diener may have entered another settlement agreement. Diener signed a release of claims relating to her STD claim that stated that both Diener and LINA reserve all rights they may have in connection with any LTD claim. The release stated that Diener would continue her claim for LTD benefits in this lawsuit.

The June 10, 2009 release contains a integration clause stating that it supercedes all prior agreements concerning the subject-matter of the agreement. The document also states that it applies *only to* Diener's STD claims against LINA and Schreiber and her LTD claims against Schreiber. It does not apply to Diener's LTD claims against LINA.

On June 18, 2009, Diener moved to withdraw her motion to enforce the settlement on the basis that all issues with respect to the STD benefits had been resolved. Diener's attorney testified that LINA agreed to not to make Diener dismiss and refile the lawsuit for LTD benefits, but merely file a Second Amended Complaint seeking only LTD benefits. Diener's attorney also testified that he understood their agreement to mean that LINA would not assert the present

defense to Diener's claims. On June 26, 2009, I granted Diener leave to file a Second Amended Complaint seeking only LTD benefits. On July 31, 2009, LINA moved for summary judgment on the basis that Diener did not submit a claim for LTD benefits prior to filing this action and that Diener failed to exhaust her administrative right to an appeal.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at

324. The nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

LINA claims it is entitled to judgment as a matter of law because (1) Diener did not submit a claim for LTD benefits prior to filing this lawsuit; and (2) after submitting her claim, Diener failed to exhaust her administrative right to an appeal.

*Submission of claim prior to filing this lawsuit*

Section 1133(2) of 29 U.S.C. provides that "[i]n accordance with regulations of the Secretary, every employee benefit plan shall . . . (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." "Federal courts applying ERISA have uniformly concluded that benefit claimants *must* exhaust the review procedures mandated by 29 U.S.C. § 1133(2) before bringing claims for wrongful denial to court." Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan, 111 F.3d 67, 68 (8th Cir. 1997). Accordingly, if a plaintiff fails to exhaust her

administrative remedies prior to filing suit, her claim for benefits under an ERISA-governed plan is barred.

The only evidence LINA has submitted to support its claim that Diener did not file a claim for LTD benefits before she filed this lawsuit is the affidavit of Kellie Downey. That affidavit states that Diener "filed a claim for disability benefits in May 2007." It also states that Diener "did not file a claim for LTD disability [sic] benefits before she filed the present lawsuit." Later, LINA submitted a copy of Diener's STD benefits application, which was filed on or about March 27, 2007. Downey's testimony does not identify what type of claim was filed in May 2007.

Joseph Walsh, Diener's attorney, testified that the November 5, 2007 appeal applied to both claims for short-term and long-term disability. In the November 25, 2008 claim for benefits, Diener disputed LINA's claim that she had not previously filed a claim for disability benefits. In light of this Walsh's affidavit, LINA's conflicting evidence about when Diener's claim was filed, and the absence of an Administrative Record for Diener's claims, I find a genuine issue of material fact exists as to whether Diener's <u>first</u> application for LTD benefits was filed prior to filing this lawsuit and whether it was appealed in the November 5, 2007 appeal letter.

Additionally, on June 26, 2009, Diener was granted leave to file her Second Amended Complaint. That Complaint was clearly filed after Diener's November 25, 2008 application for benefits (which Diener claimed was only a reapplication for benefits). To the extent that LINA argues the lawsuit was prematurely filed, that argument may be waived. Diener's attorney testified that LINA agreed to allow Diener to merely file a Second Amended Complaint seeking only LTD benefits rather than make her and dismiss and refile the lawsuit for LTD. Because that issue is not fully briefed and the terms of the parties' settlement are not clear, I will not decide that issue at this time.

*Exhaustion*

ERISA does not expressly require the exhaustion of remedies prior to bringing suit. Wert v. Liberty Life Assur. Co. of Boston, 447 F.3d 1060, 1062 (8th Cir. 2006). However, a judicially created exhaustion requirement applies to all ERISA denial of benefit claims if an ERISA-compliant internal review procedure exists and the employee has notice of the procedure. Id. at 1063. A beneficiary may be freed from the exhaustion requirement if exhaustion "would be wholly futile." Burd v. Union Pacific Corp, 223 F.3d 814, 817 n. 4 (8th Cir. 2000).

LINA argues that Diener failed to exhaust her administrative remedies when she did not appeal LINA's January 6, 2009 LTD benefits denial. Diener argues that LINA has breached the parties' settlement agreement and that Diener relied to her detriment on the representation that she could pursue the LTD claim on its merits in this lawsuit.

The Court is deeply troubled by the facts surrounding LINA's motion for summary judgment on the basis that Diener failed to appeal the January 6, 2009 denial. On December 22, 2008, LINA informed Diener that "[t]he short term disability policy and the long term disability policy have varying policy terms, potential benefits, and other differences." The parties then apparently reached a settlement agreement in which LINA would waive any arguments that Diener's application for LTD benefits was not timely and would "review her application for LTD benefits *on the merits*." (Emphasis added).

On January 6, 2009, LINA denied Diener's claim for LTD benefits. The letter indicates that LINA denied Diener's application based on its earlier decisions regarding Diener's application for STD benefits. The letter stated that LINA had previously denied Diener STD benefits on May 22, 2007 and January 18, 2008. It the explained, "Due to the two previous denials we must also uphold

these previous decisions. At this time your claim remains closed and no LTD benefits are payable."

The denial letter directed Diener, if she disagreed with the decision, to the January 18, 2008 letter "for the proper steps to take." The January 18, 2008 letter did not identify the steps for appealing a denial of a <u>Long Term Disability claim</u>. That letter, which applied to a different policy and used different policy definitions, provided appeal instructions that were <u>contrary to</u> the policy terms for Diener's LTD claim. For example, the letter stated that "[i]n addition to any written comments, your request for review *must* include new documentation you wish us to consider." (Emphasis added). LINA's LTD insurance policy <u>does not</u> contain that requirement, however. The policy simply requires the appeal be made in writing. Defendant's Ex. E., p. 27.

LINA then laid in the weeds for six months and sprang its exhaustion trap by moving for summary judgment on the basis that Diener failed to appeal the denial of her most recent LTD claim before filing this lawsuit. See <u>Pohlmann v. Bil-Jax, Inc.</u>, 176 F.3d 1110, 1113 (8th Cir. 1999). By then, LINA hoped it could obtain judgment on the basis that Diener had failed to exhaust her administrative remedies and the period to do so had expired. But the trap's jaws missed its prey because § 1333(2) requires plans to offer participants a reasonable opportunity for

a full and fair review.  See Brown v. J.B. Hunt Transport Servs., Inc., No. 08-3803, 2009 WL 3818374, at *5 (8th Cir. Nov. 17, 2009).

"One of the purposes of § 1333 is to provide claimants with sufficient information to prepare adequately for any further administrative review or for an appeal to the federal courts."  Id.  "To the extent the statute is ambiguous, § 1133's disclosure requirements should be construed broadly, because ERISA is remedial legislation and should be liberally construed to effectuate Congress's intent to protect plan participants."  Id.

In this case, LINA's January 6, 2009 denial letter did not provide Diener with instructions on how to appeal the denial of her LTD benefits claim.  Instead, it referred her to a letter containing the steps required for appealing a STD benefits claim.  The STD appeal steps are not the steps laid out in the LTD policy.  The record contains no evidence that Diener was provided the LTD policy before July 31, 2009 when LINA moved for summary judgment.  In sum, LINA denied Diener a reasonable opportunity for a full and fair review.

The remedy for a violation of § 1133(2) is not an award of benefits from this Court, but instead a remand to the plan administrator with instructions to allow an out-of-time appeal.  Id. at *7.  In this case, however, in the absence of the Administrative Record, it is not clear whether Diener applied for and appealed a

denial of LTD benefits prior to her November 25, 2008 application. As a result, a remand is not appropriate at this juncture.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Life Insurance Company of North America's motion for summary judgment [#32] is **DENIED**.

Dated this 16th Day of December, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE